THE SIMON LAW GROUP, LLP
Robert T. Simon (SBN: 238095)
Thomas J. Conroy (SBN: 256485)
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: (310) 914-5400
Fax: (310) 914-5401
Email: conroy@justiceteam.com

**Attorneys for Plaintiff,**
CARLY REBECCA WICKELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| CARLY REBECCA WICKELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CONSULATE GENERAL OF BURMA (aka Consulate General Of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; BARUA RAJIB, An Individual; ARIANA AGUILERA, An Individual; MILAGRO RAMIREZ VASQUEZ, An Individual,<br><br>Defendants. | Case No.:<br><br>(UNLIMITED JURISDICITON DAMAGES IN EXCESS OF $75,000)<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>*Assigned for All Purposes to:*<br>Department No.: |

**COMPLAINT**

COMES NOW, Plaintiff, CARLY REBECCA WICKELL, an individual, and states and alleges as follows:

## INTRODUCTION

This is an action for damages brought by plaintiff, CARLY REBECCA WICKELL, an individual, (hereinafter referred to as "Plaintiff") for the catastrophic and life-altering injuries plaintiff suffered as a result of defendants' negligence, acts, errors, omissions and malfeasance, including but not limited to multiple skull fractures, brain hemorrhage and traumatic brain injury with residual sequalae.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of The State of California and defendants CONSULATE GENERAL OF BURMA (aka Consulate General of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; and BARUA RAJIB are citizens of a foreign Sovereign. Defendants ARIANA AGUILERA, an individual, and MILAGRO RAMIREZ VASQUEZ, an individual, are further citizens of the State of California against whom plaintiff anticipates claims for indemnity and contribution will be brought by the defendant citizens of the foreign Sovereign. The Court further has jurisdiction insofar as the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction over this matter.

2. Venue is proper in the United States District Court Central District of California – Western Division judicial district in that a substantial part of the events or omissions giving rise to the claims alleged herein, and the damages and injuries incurred, as alleged herein, occurred in Los Angeles County, California. Venue is thus proper in this Court under 28 U.S.C. §1391, subdivision (b)(2).

3. This action is not subject to the provisions of *California Civil Code* § 1801 *et seq.* or *California Civil Code* §2981 *et seq.*

## PARTIES AND RESIDENCY

4 At all relevant times, plaintiff CARLY REBECCA WICKELL, an individual, (hereinafter "Plaintiff") was and is a resident of Los Angeles, State of California.

5. At all relevant times, Defendant CONSULATE GENERAL OF BURMA, aka, Consulate General of Myanmar (hereinafter "CONSULATE") was and is the diplomatic mission of the Republic of the Union of Myanmar, a foreign Sovereign, operating, doing business and/or residing within the United States of America and the State of California.

6. At all relevant times, Defendant CONSULATE GENERAL OF MYANMAR IN LOS ANGELES (hereinafter "CONSULATE OF LOS ANGELES") was and is the Los Angeles-based division of the above-referenced defendant Consulate, operating, doing business, and/or residing within the City of Los Angeles, State of California, with a known address of: "Myanmar Consulate General in Los Angeles, United States, 3435 Wilshire Boulevard, Suite 1590, Los Angeles, CA 90010."

7. At all relevant times, Defendant BARUA RAJIB, an individual, (hereinafter "RAJIB"), was and is an employee, worker, servant, administrator, member, envoy and/or representative of the above-referenced defendant Consulate and Consulate of Los Angeles, employed, residing and/or working in the City of Los Angeles, State of California.

8. At all relevant times, Defendant ARIANA AGUILERA, an individual, (hereinafter "AGUILERA"), was and is a resident of the City of Los Angeles, State of California.

9. At all relevant times, Defendant MILAGRO RAMIREZ VAZQUEZ, an individual, (hereinafter "VAZQUEZ"), was and is a resident of the City of Los Angeles, State of California.

10. Defendants DOES 1 through 100, and each of them, were individuals, corporations, partnerships, associations and/or other types of legal entities residing in and/or authorized to and/or doing business in the State of California. The true names and/or capacities, whether individual, corporate, associate, governmental or otherwise of defendants Does 1 through 100, inclusive and each of them are unknown to plaintiff, who therefore sues said defendants by such fictitious names. When the true names and/or capacities of said defendants are ascertained, plaintiff will amend her complaint accordingly.

11. Each of the defendants designated herein as a DOE defendant was responsible, negligently or in some other actionable manner, for the events and happenings herein referred to which proximately caused the damages to Plaintiff as hereinafter alleged, either through said DOE defendant's own negligence or through the conduct of its agents, servants, employees or representatives in some other manner.

12. Upon information and belief, each of the defendants named herein, including Does 1 through 100, inclusive, and each of them, at all relevant times, were the agents, servants, employees, representatives of each of the remaining defendants and were at all times material hereto acting within the authorized course and scope of said agency, service, employment and/or representation, and/or that all of said acts, conduct and omissions were subsequently ratified by their respective principals and the benefits thereof accepted by such.

## FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about July 15, 2016 at approximately 5:10 p.m., Plaintiff was a pedestrian in a marked crosswalk at the intersection of Wilshire Blvd.

and Ridgely Dr. in Los Angeles. This location is within the City and County of Los Angeles, State of California (hereinafter referred to as the "SUBJECT ROADWAY"). At the above stated time and upon the Subject Roadway, an automobile collision occurred in which the pedestrian plaintiff was injured. This sequence of events and injury incident is hereinafter referred to as "the SUBJECT INCIDENT".

14. At the time of the Subject Incident defendant RAJIB was the operator and permissive user of a certain 2016 Toyota Sienna owned, declared, maintained, preserved and let to him by defendants CONSULATE and CONSULATE OF LOS ANGELES.

15. Furthermore, at the time of the incident defendant RAJIB was operating his vehicle as a permissive user-employee in the course-and-scope of his employment with defendants CONSULATE and CONSULATE OF LOS ANGELES.

16. At the time of the Subject Incident defendant AGUILERA was the operator and a permissive user of a certain 2005 Honda Accord owned, declared, maintained, preserved and let to her by defendant VAZQUEZ.

17. The Subject Incident occurred when defendants, and each of them, in the course of operating their respective vehicles negligently, carelessly and in an unsafe manner, caused a collision between the two vehicles in the Subject Roadway which resulted in the pedestrian Plaintiff in the marked crosswalk being struck by the vehicles in a violent manner, and thereafter slamming her body forcefully to the ground.

18. The failure of the defendants, and each of them, and their employees, agents, managers, and directors to operate their vehicles in a reasonably safe condition, and to avoid causing harm to others, resulted in significant, grievous injuries to plaintiff which include, but are not limited to,

bifrontal parenchymal hemorrhage, subarachnoid hemorrhage, diastases of the right lambdoid suture, foci of air within the right jugular bulb and carotid canals, and fractures through the sphenoid sinus wall, right petrous apex, right carotid canal, and right mastoid fluid pneumocephalus; plaintiff sustained, in essence, skull fractures, brain hemorrhage and traumatic brain injury with residual sequalae.

19. The Subject Incident and grievous injuries to plaintiff resulted in damages to plaintiff in a sum to be proven at trial but in excess of the minimum jurisdiction of this court.

**FIRST CAUSE OF ACTION:**

**NEGLIGENCE**

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive, above, in this Complaint as if the same had been set forth fully below.

21. Defendants, CONSULATE GENERAL OF BURMA (aka Consulate General of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; BARUA RAJIB, an individual; ARIANA AGUILERA, an individual; MILAGRO RAMIREZ VASQUEZ, an individual, and each of them, and Does 1 through 100, inclusive, *owed a duty* to own, operate, maintain, supervise, borrow, lend, drive, and manage their respective vehicles with due care and to safely operate their respective vehicles by slowing, stopping, maintaining a reasonable speed, not turning in front of and/or steering away from any vehicles in front or around them.

22. On or about July 15, 2016, at approximately 5:10 p.m., Defendants, CONSULATE GENERAL OF BURMA (aka Consulate General of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; BARUA RAJIB, an individual; ARIANA AGUILERA, an individual; MILAGRO

RAMIREZ VASQUEZ, an individual, and each of them, and Does 1 through 100, inclusive, negligently, carelessly and recklessly operated their vehicles in such a fashion so as to *proximately cause* the collision which resulted in grievous injuries to plaintiff.

23. In so doing, Defendants, CONSULATE GENERAL OF BURMA (aka Consulate General of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; BARUA RAJIB, an individual; ARIANA AGUILERA, an individual; MILAGRO RAMIREZ VASQUEZ, an individual, and each of them, and Does 1 through 100, inclusive, *breached their duty to Plaintiff*, by failing to use due care in owning, operating, maintaining, supervising, borrowing, driving, lending, and managing their respective vehicles with due care and to safely operate their respective automobiles by slowing, stopping, maintaining a reasonable speed, not turning in front of and/or steering away from any vehicles in front or around them.

24. As a legal and proximate result of the negligence of the Defendants, CONSULATE GENERAL OF BURMA (aka Consulate General of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; BARUA RAJIB, an individual; ARIANA AGUILERA, an individual; MILAGRO RAMIREZ VASQUEZ, an individual, and each of them, and Does 1 through 100, Plaintiff CARLY REBECCA WICKELL suffered serious injuries, both economic and non-economic.

25. As a legal and proximate result of the negligence of the Defendants, CONSULATE GENERAL OF BURMA (aka Consulate General of Myanmar); CONSULATE GENERAL OF MYANMAR IN LOS ANGELES; BARUA RAJIB, an individual; ARIANA AGUILERA, an individual; MILAGRO RAMIREZ VASQUEZ, an individual, and each of them, and Does 1 through 100, inclusive, Plaintiff CARLY REBECCA WICKELL *suffered general and*

*special damages* in a sum to be proven at trial but in excess of the minimum jurisdiction of this court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARLY REBECCA WICKELL, prays for judgment against defendants, and each of them, as hereinafter set forth.

AS TO THE FIRST CAUSE OF ACTION:

a. General Damages according to proof at the time of trial;

b. Special Damages according to proof at the time of trial;

c. For costs of suit herein incurred according to proof at the time of trial; or prejudgment interest from the date of harm or breach and/or from the date of filing; and

d. For such other and further relief as this Court may deem necessary and proper.

DATED: March 9, 2017

THE SIMON LAW GROUP, LLP

Thomas J. Conroy, Esq.
Attorney for Plaintiff,
CARLY REBECCA WICKELL

**DEMAND FOR JURY TRIAL**

Plaintiff, CARLY REBECCA WICKELL, hereby demands a trial by jury on all issues so triable in the above-entitled action.

DATED: March 9, 2017

THE SIMON LAW GROUP, LLP

Thomas J. Conroy, Esq.
Attorney for Plaintiff,
CARLY REBECCA WICKELL